ANN MEEKER AND ANOTHER v. ABRAHAM FINEBERG.[1]

July 2, 1926.

No. 25,390.

**Verdicts sustained by evidence.**
    1. Evidence considered and *held* sufficient to support the verdicts in favor of the plaintiffs.

**Rulings on testimony and instructions correct.**
    2. There is no error in the rulings of the court upon the admission and exclusion of testimony, nor in refusing to give appellant's requested instructions.

**Verdicts not excessive.**
    3. The damages are not excessive.

    Appeal and Error, 4 C. J. p. 871 n. 1; p. 969 n. 56; p. 1004. n. 63.
    Motor Vehicles, 28 Cyc. p. 47 n. 20.

Two actions in the district court for Ramsey county to recover for injuries received in an automobile accident. The cases were tried together before Bechhoefer, J., and a jury which returned

[1]Reported in 209 N. W. 895.

verdicts in favor of plaintiffs. Defendant appealed from an order in each case denying his motion for a new trial on condition plaintiff Ann Meeker would consent to a reduction of the verdict in her favor. Affirmed.

*Hubert Harvey*, for appellant.

*Donald M. Davis* and *McMeekin, Quinn & Swan*, for respondents.

QUINN, J.

These actions were tried together and verdicts in favor of the plaintiffs were returned. From an order denying his motion in each case for a new trial, defendant appealed.

Lyndale avenue in the city of Minneapolis extends north and south and Seventh street extends from the northwest to the southeast, crossing Lyndale avenue at an angle of about 45 degrees. There was a stop and go signal in the center of Lyndale avenue at the northerly cross walk of Seventh street, a telephone pole at the northeast corner of the intersection, and a double street car track on Seventh street.

On the afternoon of October 16, 1924, plaintiff George Meeker accompanied by his wife, Ann Meeker, was proceeding in his Dodge roadster in a southeasterly direction along Seventh street toward the intersection at the rate of from 15 to 20 miles per hour. At the same time defendant was driving his five passenger Studebaker car north along Lyndale avenue toward the intersection at a rapid rate of speed. Sam Cohen was sitting by his side and the witness Harry Mark was sitting in the rear seat. The cars collided near the center of Lyndale avenue on the southerly side of the south street-car track.

Mr. Meeker testified that, as he approached the intersection, he saw defendant's car two or three times the distance from the intersection that his car was; that he checked his car; that when he saw they were liable to come together he turned his car to the left; that the defendant did not slacken the speed of his car, and that the left front wheel of defendant's car struck his car on the running board and caused his car to swerve around past the stop and go signal and back to the point of the impact; that the defendant's car turned to

the right and came to a stop near the telephone pole. He further testified that, as he was approaching the intersection and up to the time of the impact, the stop and go signal was in his favor and against the defendant while the defendant testified to the exact opposite. Immediately following the impact and while plaintiff's car was on the whirl, Mrs. Meeker either jumped or was thrown from the car to the pavement. Her shoulder was severely injured and she was otherwise badly shaken up and injured.

Appellant assigns as error that the verdict is against the weight of evidence; that the damages are excessive; that the rulings of the trial court upon the admissibility of evidence were prejudicial to the rights of appellant, and that the court erred in refusing to give appellant's requested instructions.

We have considered the evidence as it appears in the record with care and find no support therein for the contention that the physical facts of the case are such that the verdict should not be allowed to stand. There is a sharp conflict in the testimony bearing upon the several issues which were fully and fairly submitted to the jury. The jury found against the contention of appellant and we think its findings are amply justified by the evidence. No good will be accomplished by reviewing the evidence here. It is clear that if plaintiff turned his car to the left, as he testified, and defendant's car struck it back of the front wheels, the effect would naturally be to increase the spin of plaintiff's car on the circuit which it concededly took.

The verdict, as returned by the jury, was not so large as to indicate passion and prejudice and warrant this court in interfering upon that ground. As reduced by the trial court, we see no reason for complaint. There is evidence that plaintiff's injuries are permanent.

We have considered the rulings of the trial court upon the admissibility and rejection of evidence and find no substantial error. Further discussion would be of no avail.

Affirmed.